Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-861-1390
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
Robert McDonald

**UNITED STATES DISTRICT COURT,
DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert McDonald, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| Law Office of Mark A. Kirkorsky, | **(Unlawful Debt Collection Practices)** |
| Defendant. | |

**PLAINTIFF'S COMPLAINT**

Robert McDonald (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against Law Office of Mark A. Kirkorsky (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

## PARTIES

5. Plaintiff is a natural person residing in Mesa, Maricopa County, Arizona.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

7. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

8. Defendant is a collection firm with its principal place of business in Tempe, Arizona.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant constantly and continuously placed collection calls to Plaintiff's grandparents seeking and demanding payment for an alleged debt owed by the Plaintiff for a car loan.

11. Defendant placed approximately five (5) collection calls to Plaintiff's grandparents.

12. Defendant disclosed the existence of Plaintiff's alleged debt to Plaintiff's grandparents.

13. Defendant contacted Plaintiff's grandparents at telephone number 450-899-0680.

14. Defendant placed collection calls to Plaintiff's grandparents from telephone number 480-353-2404.

15. Defendant sent collection letters to Plaintiff's grandparent's home.

16. Defendant's agent "Michael" contacted Plaintiff's fiancé on the morning of June 16, 2010, and asked to speak to Plaintiff despite being on notice that Plaintiff was represented by counsel as Defendant contacted Plaintiff's counsel on June 9, 2010 regarding the case at bar.

//

# COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692b(1)* of the FDCPA by contacting a third party and failing to identify themselves, or failed to state that collector is confirming or correcting location information.

   b. Defendant violated *§1692b(2)* of the FDCPA by contacting a third party and stating that the consumer owes any debt.

   c. Defendant violated *§1692b(3)* of the FDCPA by contacting a third party more than once, unless requested to do so.

   d. Defendant violated *§1692b(5)* of the FDCPA by contacting a third party using any language or symbol on any envelope or communication indicating debt collection business.

   e. Defendant violated *§1692b(6)* of the FDCPA by contacting a third party after knowing the consumer is represented by an attorney.

   f. Defendant violated *§1692c(a)(2)* of the FDCPA by contacting consumer after it knows the consumer to be represented by an attorney.

   g. Defendant violated *§1692c(B)* of the FDCPA by communicating with anyone except consumer, consumer's attorney, or credit bureau concerning the debt.

   h. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

   i. Defendant violated *§1692d(5)* of the FDCPA by causing the telephone to ring or engaged any person in telephone conversations repeatedly.

WHEREFORE, Plaintiff, ROBERT McDONALD, respectfully requests judgment be entered against Defendant, LAW OFFICE OF MARK A. KIRKORSKY, for the following:

18. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

### **DEMAND FOR JURY TRIAL**

Plaintiff, ROBERT MCDONALD, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  August 12, 2010                KROHN & MOSS, LTD.


By: /s/ Ryan Lee

Ryan Lee
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, ROBERT McDONALD, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ROBERT McDONALD, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 5/28/10

_____
ROBERT McDONALD